**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SUZHOU XL SUPPLIER CO LTD., | |
| Plaintiff, | |
| v. | Case No. 1:24-cv-13218 |
| Yuhan Zhou, | |
| Defendants. | |

## <u>COMPLAINT</u>

Plaintiff SUZHOU XL SUPPLIER CO LTD. ("Plaintiff") brings this action against Yuhan Zhou ("Defendant") to enforce Plaintiff's trademark rights, cancel Defendant's wrongfully obtained trademark registration, and seek other appropriate relief..

### NATURE OF THE ACTION

1. Plaintiff has been operating a popular and highly successful online business on the Amazon.com platform and has established trademark rights in and to the "IMPROVEDHAND" mark by virtue of its longstanding and exclusive use of the mark in connection with its filtration products since at least as early as 2022.

2. Plaintiff recently received a trademark infringement notification from Amazon, indicating that one of Plaintiff's popular product listing had been removed because Defendant filed a trademark infringement complaint with Amazon for Plaintiff's alleged infringement of the U.S. Trademark "IMPROVEDHAND" (U.S. Registration No. 7528244, "Defendant's Registration"), which was applied for using fabricated specimens and fraudulent declaration in November 2023 and wrongfully obtained in October 2024.

3. Defendant's false and malicious allegation has caused significant damage to Plaintiff

economically and to its good will. Plaintiff files this action to protect one of its most valuable assets, the "IMPROVEDHAND" mark, from Defendant's wrongful accusation and willful infringement. Plaintiff further seeks to prevent Defendant's deceptive practices, which have already misled consumers and e-commerce platforms including Amazon.com, and caused confusion regarding the source and/or affiliation between Plaintiff and Defendants.

4. Plaintiff brings this action seeking declaratory judgment of invalidity and non-infringement of Defendant's Registration, damages and injunctive relief for Defendant's willful trademark infringement under 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act), 15 U.S.C. § 1051, et seq. (the "Lanham Act"), the Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1, et seq., the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1 et seq., and Illinois common law.

## PARTIES

5. Plaintiff is a business entity duly organized and existing under the laws of the People's Republic of China, with its business address "中国江苏省苏州市吴中区木渎镇木渎东门町商业广场 2 幢 229-232 室,215156."

6. Defendant Yuhan Zhou is a Chinese individual residing in the People's Republic of China. Upon information and belief, the address "Kunming, No. 30, Shiqiaopu, Xishan District, Yunnan Province, CHINA 650000," is Defendant's valid address, as it is the "Owner Address" and "Correspondent Address" Defendant submitted to USPTO.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201, 2202, 15 U.S.C. §1121, 28 U.S.C. §1331, §§1338 (a) and (b), and §1367. Plaintiff's claims arise under the Lanham Act of the United States, 15 U.S.C. §1051, et seq.

8.  An actual case or controversy exists between the parties to this action. Defendant's Registraion was wrongfully obtained and used by Defendants to file false trademark infringnment complaint with Amazon.com against Plaintiff and caused irreparable injury and damage to Plaintiff. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq. *See SnapRays, LLC dba SnapPower v. Lighting Defense Group*, 100 F.4th 1371, 1375–77 (Fed. Cir. 2024); *Mitek Systems, Inc., v. United States Automobile Association*, 34 F.4th 1341, 1334 (Fed. Cir. 2022); *Campbell Pet Co. v. Miale*, 542 F.3d 879, 886 (Fed. Cir. 2008).

9.  Venue is proper in this District pursuant to 28 U.S.C. §§1391 and this Court has personal jurisdiction over Defendants because Defendant is an individual, who upon information and belief, is a competitor of Plaintiff and transacts business within the Northern District of Illinois, has sufficient minimum contacts with this District. In addition, Defendant directly targeted Plaintiff's business activities toward consumers in the United States, including the Northern District of Illinois, through Amazon.com. *SnapRays, LLC dba SnapPower v. Lighting Defense Group*, 100 F.4th 1371, 1375–77 (Fed. Cir. 2024). Specifically, Plaintiff's product is sold throught the United States, including to businesses and residents of Illinois and Defendant targeted those sales by requesting Amazon to remove of Plaintiff's product listing of those products. Defendant knew or should have known that her actions would adversely affect Plaintiff's sales nationwide, including in Illinois. Moreover, Defendant infringes Plaintiff's mark. For these reasons, Defendant is

3

committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully and knowingly caused substantial injury to Plaintiff in the State of Illinois. Defendant can reasonably anticipate being haled into court in the Northern District of Illinois.

**FACTUAL BACKGROUND**

<u>Plaintiff and Its "IMPROVEDHAND" Mark</u>

10. Plaintiff is a leading seller in the field of air and water filtration products. Plaintiff's popular and highly successful online store, "IMPROVEDHAND" (Exhibit 1), has been operating on Amazon.com since at least June 2021.





11. Plaintiff operates the IMPROVEDHAND store, offering a variety of filter replacement products, including vacuum cleaner filters, air purifier filters, and humidifier filters, under its common law "IMPROVEDHAND" mark.

12. These products are sold throughout the United States, including to businesses and residents in the State of Illinois.

13. Plaintiff has invested substantial financial resources and considerable effort in developing goodwill and products under its common law mark "IMPROVEDHAND."

14. This mark has become synonymous with the high quality of the products offered by Plaintiff. These products have been provided to tens of thousands of businesses and families in Illinois and across the United States.

15. The "IMPROVEDHAND" mark, together with the goodwill associated with it, represents one of Plaintiff's most valuable intellectual property assets.

16. Over the past 12 months, Plaintiff has achieved a 100% positive seller rating on Amazon.com based on 1,286 ratings. Additionally, it has maintained an impressive average of 4.9 out of 5 stars in customer reviews, based on 4,405 ratings to date (Amazon Seller Profile, https://www.amazon.com/sp?ie=UTF8&seller=A2M05BS7CVXG21, last visited Dec. 25, 2024).



17. Exhibits 2 provides examples of Plaintiff's filtration product listings on Amazon.com, where the "IMPROVEDHAND" mark is prominently displayed multiple times on each product listing webpage.

18. IMPROVEDHAND products have consistently received high ratings and positive feedback from consumers.

19. In summary, Plaintiff's common law mark "IMPROVEDHAND" is valid and remains in full force and effect. Through Plaintiff's extensive and continuous use of the mark in commerce, "IMPROVEDHAND" has become a recognized source identifier for Plaintiff's products, further solidifying its value and reputation.

<u>Defendant's Unlawful Trademark Application</u>

20. Plaintiff's commercial success quickly attracted the attention of unscrupulous competitors. Plaintiff's IMPROVEDHAND mark has garnered widespread recognition and positive feedback from consumers due to the high quality of its products and exceptional customer service.

21. In addition to its reputation, Plaintiff has invested substantial resources in marketing and promotional efforts, including targeting key search terms commonly associated with air and water filtration products. As a result, the IMPROVEDHAND brand has become highly visible and recognizable in the market.

22. Given Plaintiff's extensive marketing efforts and its prominent position in the filtration product market, it would have been impossible for any consumer or competitor, including the Defendant, to be unaware of Plaintiff's brand and products.

23. Upon information and belief, Defendant had actual notice of Plaintiff's prior use of the common law mark IMPROVEDHAND.

24. Plaintiff has been using its IMPROVEDHAND mark on its filtration products since at least as early as October 31, 2022.

25. Plaintiff is the exclusive user of its IMPROVEDHAND mark and has never authorized or consented to the use or registration of the mark by any other party.

26. On November 2, 2023, despite knowing that Plaintiff had established common law rights to the "IMPROVEDHAND" mark, Defendant filed a federal trademark application with the United States Patent and Trademark Office ("USPTO") (U.S. Serial No. 98252178) for "Air filtering units; Air filters for household use; Aquarium filtration apparatus; Water filtration and purification units and replacement cartridges and filters therefor; Water filtration apparatus." Exhibit 3.

27. Upon information and belief, the application included fabricated specimens, improperly claiming a filing basis of "use in commerce." Exhibit 4.

28. In Defendant's Application, it represented to the USPTO that its first use of the mark anywhere and its first use in commerce was on September 13 and 14, 2023, respectively.

29. Upon information and belief, the application contained a fraudulent declaration signed by Defendant on November 2, 2023, under penalty of perjury. Exhibit 5.

30. In this declaration, Defendant declared that:

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;

- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;

- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and

- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

- To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

- To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

- The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

31. On October 8, 2024, Defendant obtained the registration of the IMPROVEDHAND mark ("Defendant's Registration"). Exhibit 6.

32. These goods in Defendant's Registration overlap with those covered by Plaintiff's use of the IMPROVEDHAND mark, though Plaintiff's product range is broader.

33. Plaintiff possesses prior and superior rights to the IMPROVEDHAND mark compared to Defendant's alleged use of the mark.

34. Since Defendant is not the lawful owner of the "Improvedhand" mark, the aforementioned federal trademark application, signed under penalty of perjury by Defendant, is *void ab initio*.

35. Upon information and belief, the attorney who initially represented Defendant withdrew from representation shortly after the filing of the trademark application, leaving the wrongfully obtained registration without attorney representation. Exhibit 7 is the trademark status document retrieved from the USPTO's Trademark Status & Document Retrieval (TSDR) system, indicating that the registration currently lacks attorney representation.

Defendant's Actions in Sabotaging Plaintiff's Business

36. On or about October 12, 2024, Plaintiff became aware of Defendant's action and subsequently initiated a petition with the Trademark Trial and Appeal Board ("TTAB") to cancel Defendant's Registration (TTAB Cancellation No. 92086479).

37. In retaliation, Defendant filed complaint with Amazon (Amazon Complaint ID 16629007061) on or about November 13, 2024, alleging that Plaintiff's use of the IMPROVEDHAND mark on its product (Amazon product ASIN B09YKZ41QG, hereinafter the "Wrongfully Accused Product") infringed Defendant's Registration.

38. As a result, Amazon removed the Wrongfully Accused Product from its platform, rendering it unavailable for consumers to view or purchase. Exhibit 8.

39. On November 13 and November 22, 2024, Plaintiff submitted two appeals to Amazon, providing detailed explanations and supporting materials demonstrating that Plaintiff is the prior user of the IMPROVEDHAND mark for filtration products.

40. However, Amazon responded that reinstatement of Plaintiff's product listing would require Defendant's retraction of its infringement complaint.

<u>Injury to Plaintiff and the Public</u>

41. Upon information and belief, Defendant is a competitor of Plaintiff seeking to undermine its market position. As a direct result of the removal of Plaintiff's Wrongfully Accused Product during the critical holiday sales season, Plaintiff has suffered substantial financial losses, including tens of thousands of dollars in lost sales.

42. Defendant's actions, as described above, have caused substantial damage and irreparable harm to Plaintiff. These actions continue to create a likelihood of confusion among consumers. If allowed to persist, Defendant's conduct will further harm Plaintiff, the IMPROVEDHAND mark, Plaintiff's reputation and goodwill associated with the mark, and the public's interest in being free from confusion.

## COUNT I

### <u>Declaratory Judgment of Invalidity of Defendant's Registration</u>

43. Plaintiff incorporates by reference all preceding allegations set forth in this Complaint as if fully stated herein.

44. An actual, ongoing, and justiciable controversy exists between Plaintiff and Defendant concerning the validity of Defendant's Registration. This controversy arises from Defendant's allegations of Plaintiff's trademark infringement on Amazon, as detailed

above, which reflect adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

45. Plaintiff has been using its IMPROVEDHAND mark in connection with its online store since at least as early as June 2021, and on its filtration products since at least as early as October 31, 2022.

46. In Defendant's trademark application, it represented with the USPTO that its first use of the mark anywhere and its first use in commerce occurred on September 13 and September 14, 2023, respectively.

47. As a result, Plaintiff possesses prior and superior rights to the IMPROVEDHAND mark compared to Defendant.

48. There is a likelihood of confusion between Plaintiff's use of the IMPROVEDHAND mark and Defendant's use of the same mark on filtration products.

49. This likelihood of confusion extends to Plaintiff's use of the IMPROVEDHAND mark in connection with its online retail store, particularly for the sale of filtration products, and Defendant's use of the same mark on identical or similar products sold online.

50. Pursuant to the Declaratory Judgment Act, Plaintiff respectfully requests that that this Court declare Defendant's Registration invalid and should be cancelled. This declaration is warranted due to Plaintiff's prior and superior rights to the IMPROVEDHAND mark and because Defendant's Registration is based on the submission of fabricated specimens and a false declaration.

## COUNT II

## Declaratory Judgment of Non-Infringement of Defendant's Registration

51. Plaintiff incorporates by reference all preceding allegations set forth in this Complaint as if fully stated herein.

52. Defendant is not the lawful owner of the IMPROVEDHAND mark and Defendant's Registration is invalid.

53. Accordingly, Plaintiff has not and cannot infringed Defendant's Registration.

54. Absent a declaration of non-infringement, Defendant will continue to wrongfully assert rights under Defendant's Registration against Plaintiff, thereby causing Plaintiff irreparable harm and damage.

55. An actual, present, substantial, and justiciable controversy exists between Plaintiff and Defendant concerning the alleged infringement of Defendant's Registration. This controversy involves adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

56. Pursuant to Declaratory Judgment Act, Plaintiff respectfully requests that this Court declare that Plaintiff does not infringe, has not infringed, and is not liable for infringing Defendant's Registration.

## COUNT III

### False and/or Fraudulent Trademark Registration

### Lanham Act § 38, 15 U.S.C. § 1120

57. Plaintiff incorporates by reference all preceding allegations set forth in this Complaint as if fully stated herein.

58. Defendant affirmatively represented to the USPTO under the penalty of perjury that "To the best of [Defendant's] knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form

or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

59. At the time of filing the trademark application for the IMPROVEDHAND mark, Defendant either knew or should have known that her declaration was false and fraudulent, as Plaintiff, a prominent and established seller of IMPROVEDHAND filtration products, already had prior and superior rights to the mark.

60. In addition, Defendant submitted fabricated specimens to the USPTO to support her application.

61. Absent Defendant's false and fraudulent declaration and fabricated specimens, the Defendant's application of the IMPROVEDHAND mark would not have been granted.

62. As a result of Defendant's wrongfully obtained registration, Plaintiff has suffered irreparable injury and damage, including but not limited to the harm caused by the removal of Plaintiff's products from Amazon following Defendant's malicious and baseless accusations.

63. Defendant is liable for Plaintiff's irreparable injuries and damages under 15 U.S.C. § 1120.

## COUNT IV

## <u>Common Law Trademark Infringement</u>

64. Plaintiff incorporates by reference all preceding allegations set forth in this Complaint as if fully stated herein.

65. Plaintiff enjoys well-established common laws rights in and to the IMPROVEDHAND mark in the State of Illinois, which are superior to any rights that Defendant may claim, and has built significant goodwill in the same.

66. Defendant used and continues to use the IMPROVEDHAND mark in commerce in connection with the offering, sale, and advertising of Defendants' goods. Such use is likely to cause

67. confusion, mistake, or deception among consumers.

68. The Defendant's actions, as described above, have been willful at all times relevant to this action.

69. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer damage and irreparable harm.

70. Plaintiff has no adequate remedy at law.

**COUNT V**

**<u>False Designation of Origin and Description</u>**

**<u>Lanham Act § 43(a), 15 U.S.C. § 1125(a)</u>**

71. Plaintiff incorporates by reference all preceding allegations set forth in this Complaint as if fully stated herein.

72. Plaintiff's IMPROVEDHAND mark is valid and entitled to protection.

73. Defendant's unauthorized use of the IMPROVEDHAND mark in connection with filtration products is likely to confuse, mislead, or deceive customers, the public, and the trade as to the origin, sponsorship, or affiliation of Defendant's products and services.

74. Such use is intended and likely to cause these parties to falsely believe that Defendant's goods and services have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Defendant is in some way affiliated with Plaintiff, which is not the case.

75. Defendant's unauthorized use of the IMPROVEDHAND mark in association with its infringing website, as depicted in the trademark application specimen, constitutes a false

designation of origin, a false or misleading description of fact, and a false or misleading representation of fact. This conduct is likely to cause confusion, mistake, or deception in violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

76. Defendant's actions, as alleged herein, constitute willful trademark infringement.

77. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer irreparable harm, including damage to its reputation, goodwill, and economic interests.

78. Plaintiff has no adequate remedy at law.

**COUNT VI**

**<u>Trademark Cancellation</u>**

**<u>Lanham Act §37, 15 U.S.C. § 1119</u>**

79. Plaintiff incorporates by reference all preceding allegations set forth in this Complaint as if fully stated herein.

80. Defendant is the listed owner of Defendant's Registration (U.S. Trademark Reg. No. 7528244). This registration covers a variety of filtration products, including goods that directly compete with products sold under Plaintiff's IMPROVEDHAND mark.

81. Plaintiff's use of the IMPROVEDHAND mark predates: (i) Defendant's November 02, 2023 filing date for the application that matured into Defendant's Registration; (ii) Defendant's claimed first use date of September 13, 2023; and (iii) any date of first use that Defendant may be able to prove.

82. The goods identified in Defendant's Registration are identical and/or closely related to the goods offered and sold by Plaintiff under its IMPROVEDHAND marks. As a result,

there exists a likelihood of confusion, mistake, or deception between the parties' marks, and Plaintiff is thereby damaged by Defendant's Registration.

83. In addition, Defendant submitted fabricated specimens and false and fraudulent declaration to the USPTO to support her application. Absent these improper submissions, Defendant would not have been able to successfully register the IMPROVEDHAND mark.

84. Accordingly, Defendant is not entitled to maintain Registration No. 7528244 and this registration should be cancelled by the USPTO.

**COUNT VII**

**Unfair Competition in Violation of Illinois Deceptive Trade Practices Act**

**815 ILCS §§ 510/1, et seq.**

85. Plaintiff incorporates by reference all preceding allegations set forth in this Complaint as if fully stated herein.

86. Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1, *et seq.*, prohibits deceptive trade practices.

87. Defendant's use of the IMPROVEDHAND mark, as described above, is causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services, as well as the affiliation, connection, or association with, or certification by Plaintiff.

88. Defendant's use of the IMPROVEDHAND Mark constitutes deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act § 510/2.

89. The actions of Defendant described above have been willful at all times relevant to this action. Upon information and belief, Defendant intends to continue engaging in unlawful, unfair, and deceptive activities unless restrained by this Court.

90. As a direct and proximate result of Defendant's actions as alleged above, Plaintiff has suffered and will continue to suffer damage and irreparably harm.

91. Plaintiff has no adequate remedy at law.

92. Plaintiff is entitled to injunctive relief and an award of costs and attorney's fees under 815 ILCS § 510/3.

**COUNT VIII**

**Unfair Competition in Violation of the**

**Illinois's Consumer Fraud and Deceptive Business Practices Act**

**815 ILCS §§ 505/1, et seq.**

93. Plaintiff incorporates by reference all preceding allegations set forth in this Complaint as if fully stated herein.

94. The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1, *et seq.,* prohibits deceptive trade practices.

95. Defendant's use of the IMPROVEDHAND mark, as described above, is causing a likelihood of confusion or misunderstanding regarding the source, sponsorship, approval, or certification of goods or services, as well as the affiliation, connection, or association with, or certification by Plaintiff.

96. Defendant's use of the IMPROVEDHAND mark constitutes deceptive trade practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act § 505/2.

97. Defendant's actions, as described above, have been willful at all times relevant to this action. Upon information and belief, Defendant intends to continue engaging in unlawful, unfair, and deceptive activities unless restrained by this Court.

98. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer damage and irreparable harm.

99. Plaintiff has no adequate remedy at law.

## COUNT IX

## Unfair Competition under Illinois Common Law

100. Plaintiff incorporates by reference all preceding allegations set forth in this Complaint as if fully stated herein.

101. Plaintiff enjoys well-established common laws rights in and to the IMPROVEDHAND mark in the State of Illinois, which are superior to any rights that Defendant may claim. Plaintiff has built significant goodwill associated with the mark.

102. The IMPROVEDHAND mark is inherently distinctive and/or has acquired distinctiveness.

103. Plaintiff first adopted and used the IMPROVEDHAND mark in its markets and trade areas to establish goodwill and reputation, to identify and distinguish its goods and services, and to differentiate them from similar goods and services offered by others. As a result, Plaintiff's IMPROVEDHAND mark has acquired secondary meaning.

104. Defendant has engaged in and continues to engage in the unauthorized use of the IMPROVEDHAND mark in connection with the sale of goods and services. This unauthorized use is likely to cause, and has caused, confusion or mistake regarding the source, affiliation, connection, or association of Defendant's goods and services.

19

Consumers are likely to erroneously associate Defendant's goods and services as originating from or being affiliated with Plaintiff, all to the detriment of Plaintiff.

105.    Defendant's actions, as described herein, constitute unfair competition under the laws of the State of Illinois.

106.    Defendant has been unjustly enriched and has caused damage to Plaintiff's business, reputation, and goodwill.

107.    Defendant's actions have caused, and will continue to cause, irreparable injury and damage to Plaintiff, unless restrained by this Court.

108.    Plaintiff has no adequate remedy at law.

## COUNT X

### Tortious Interference with Contract

109.    Plaintiff incorporates by reference all preceding allegations set forth in this Complaint as if fully stated herein.

110.    Plaintiff and Amazon.com had a valid and enforceable contractual relationship through the Amazon Services Business Solutions Agreement.

111.    Defendant was aware of Plaintiff's contractual agreement with Amazon, as Defendant knew that Plaintiff offers products through its Amazon storefront. Despite this knowledge, Defendant filed a bad faith trademark infringement allegation against Plaintiff with Amazon, knowing that Plaintiff did not infringed any of Defendant's rights, if such rights exist.

112.    Defendant intentionally and unjustifiably induced Amazon to breach its agreement with Plaintiff, removing Plaintiff's product listing from its marketplace.

113.     Defendant's actions have caused irreparable harm and damage to Plaintiff, including harm to its business, reputation, and economic interests.

## COUNT XI

### Tortious Interference with Prospective Business Expectancy

114.     Plaintiff incorporates by reference all preceding allegations set forth in this Complaint as if fully stated herein.

115.     Plaintiff had a reasonable expectation of entering into and maintaining valid business relationship with Amazon and the consuming public through Amazon's online marketplace platform.

116.     Defendant was fully aware of Plaintiff's expectancy as Defendant knew that Plaintiff sells products through its Amazon storefront. This is evidenced by Defendant's filing of false infringement complaints with Amazon against Plaintiff.

117.     Defendant intentionally and purposefully interfered with Plaintiff's prospective business relationships by filing a bad faith infringement complaint with Amazon, despite knowing that Plaintiff did not infringe any of Defendant's rights, if such rights exist.

118.     As a direct and proximate result of Defendant's false allegations, Plaintiff's Amazon store now bears a policy violation warning. Upon information and belief, this warning has caused a decline in Plaintiff's seller ranking and product ranking on Amazon, resulting in irreparable harm to Plaintiff's reputation, sales, and ability to engage prospective customers.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that the Court enter judgment against Defendant as follows:

A. Enter a judgment decalring that Defendant falsely and fraudulently obtained federal trademark registration and caused Plaintiff irreparable injury and damage.

B. Declare that Defendant's Registration (U.S. Trademark Registration No. 7528244) is invalid and direct the USPTO and its Director to cancel it.

C. Declare that Plaintiff has never infringed Defendant's Registration.

D. Declare that Defendant's use of the IMPROVEDHAND mark infringes Plaintiff's IMPROVEDHAND mark and constitutes willful trademark infringement, false designation of origin, unfair competition, and deceptive trade practices under federal, state, and/or common law, as detailed above.

E. Enter a judgment finding that Defendant has tortiously interfered with Plaintiff's contractual relationships and prospective business relationships.

F. Order Defendant to:

  a. refrain from filing infringement complaints regarding the IMPROVEDHAND mark against Plaintiff with e-commerce platforms, including but not limited to Amazon, and

  b. immediately revoke any such complaints that have been filed.

G. Enter a preliminary and permanent injunction enjoining Defendant, and any principals, parents, subsidiaries, affiliates, related companies, directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of the foregoing:

  a. From using, displaying, advertising, promoting, using, and registering IMPROVEDHAND in any form or manner, including but not limited to as a trademark, service mark, or trade name, whether used alone or in connection

with any other wording or designs;

    b.   From representing by any means whatsoever, directly or indirectly, that Defendant, its products or services, or any activities undertaken by Defendant, are associated or connected in any way with Plaintiff, including, but not limited to, using IMPROVEDHAND mark, or any confusingly similar name, designs, logos, or marks; and

    c.   From instructing, assisting, aiding, abetting, or encouraging any person or entity in engaging in any of the prohibited activities described above.

H.  Order Defendant to immediately destroy or permanently remove the IMPROVEDHAND mark from all websites, third-party platforms (including but not limited to all e-commerce platforms such as Amazon.com and any social media pages), advertising, promotional materials, print materials, and any other materials displaying the IMPROVEDHAND mark, or any other designs, logos, or marks that are confusingly similar to the IMPROVEDHAND Mark.

I.  Order Defendant to immediately destroy all merchandise bearing the IMPROVEDHAND Mark currently in Defendant's possession or control within the United States.

J.  Order Defendant to pay for Plaintiff's corrective advertising costs and/or engage in corrective advertising as directed by the Court.

K.  Order Defendant to file with this Court and serve on Plaintiff's attorneys, within seven (7) days after the date of entry of any injunction and/or order, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction and/or order.

L.  Order e-commerce platforms, including but not limited to Amazon, to refrain from

removing Plaintiff's product listing in response to Defendant's complaints or allegations regarding the IMPROVEDHAND mark, and to reinstate any listings removed as a result of such complaints or allegations.

M.  Order Defendant to account for and pay to Plaintiff any and all profits arising from Defendant's actions of infringement, false designation of origin, and unfair competition, in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws.

N.  Order Defendant to pay Plaintiff compensatory, general and special, consequential and incidental damages caused by Defendant's foregoing actions of false designation of origin and unfair competition.

O.  Order Defendant to account for and pay to Plaintiff any and all profits arising from Defendant's foregoing deceptive trade acts under Illinois Uniform Deceptive Trade Practices Act and Illinois Consumer Fraud and Deceptive Business Practices Act.

P.  Award Plaintiff its costs and attorney's fees in this action pursuant to 15 U.S.C. § 1117, and other applicable laws.

Q.  Awarding Plaintiff pre- and post- judgment interest as allowed by law.

R.  Grant other relief, whether in law or in equity, as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff respectfully demands a trial by jury for all claims so triable.

Respectfully Submitted,

Dated: December 26, 2024

*/s/ Zheng Gong*
Zheng Gong
Illinois Bar No. 6323959
ShinyRise PLLC
1 East Erie St., Suite 525-5203
Chicago, IL 60611
Email: zheng.gong@shinyrise.com
Phone: 312-612-0288

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system on the date indicated below, which will send notification of such filing to all counsel of record.

Date: December 26, 2024                                */s/ Zheng Gong*